FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

2011 FEB -9  A 11: 28

| | |
|---|---|
| MAGED F. NESHEIWAT,<br>   PLAINTIFF, | CASE #: 3:11-CV-89-HEH |
| v. | |
| EQUIFAX INFORMATION<br>SERVICES, LLC; TRANS UNION,<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>   DEFENDANTS. | JURY TRIAL DEMANDED |

## COMPLAINT

Comes now the plaintiff Maged F. Nesheiwat, by counsel and files this complaint against the defendants and says as follows:

### PRELIMINARY STATEMENT

This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs and for declaratory and injunctive relief for defendants violation The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

### JURISDICTION, VENUE and JURY DEMAND

1. This court has Federal Question jurisdiction, 28 U.S.C. § 1331, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

2. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Eastern District of Virginia. 28 U.S.C. § 1391(b) and (c).

3. The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

4. TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII

## PARTIES

5. Plaintiff is a natural person and a resident of the Commonwealth of Virginia

6. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and (c).

7. Equifax Information Services, LLC, ("Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

8. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

9. Trans Union, LLC, ("TransUnion") is a Delaware Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

10. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

11. Experian Information Solutions, Inc. ("Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

12. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTS

13. Plaintiff has never done business with Lease Finance Group, LLC or Lease Finance Group, Inc. (both will be referred to as "LFG" for purposes of this complaint).

14. Plaintiff began attempting to obtain a mortgage for the purchase of a home in late 2009.

15. Plaintiff discovered in 2010 that LFG was reporting that Plaintiff had an account and that plaintiff's account had been charged off.

16. The reporting of the account and the charge off were both false.

17. Plaintiff attempted to contact LFG, and discovered that at least one of the LFG companies determined that he was not a client of theirs.

18. LFG further determined that they had no record of Plaintiff having an account.

19. LFG also determined that they no record of Plaintiff's social security number or name in their system.

20. Plaintiff asked LFG to remove the inaccurate information.

21. LFG failed to remove the inaccurate information.

22. LFG refused to remove the inaccurate information.

23. Plaintiff subsequently sent at least two dispute letters to Equifax, TransUnion, and Experian providing evidence that he had no affiliation with LFG.

24. In one of the dispute letters Plaintiff provided a copy of the FTC Identity Theft Affidavit that he filed along with proof of his identity.

25. On information and belief, Equifax, TransUnion, and Experian each failed to maintain a procedure to assure maximum possible accuracy, in that they continued to report that the LFG account was plaintiff's account and that it was charged off.

26. On information and belief, Equifax, TransUnion, and Experian each reviewed the information, and failed to conduct any investigation, which would have included a comparison of signatures or other review of documents.

27. On information and belief, Equifax, TransUnion, and Experian each failed to conduct a reasonable reinvestigation of the information in plaintiff's credit file.

28. On information and belief, Equifax, TransUnion, and Experian each failed to consider the information that the plaintiff provided, including the dispute letters, the proof of identity and the FTC Identity Theft Affidavit.

29. On information and belief, Equifax, TransUnion, and Experian each failed to delete or suppress inaccurate or unverifiable information, in that they continued to show that the LFG account was plaintiffs and was charged off.

30. Plaintiff was subsequently denied a mortgage, which would have included first time home buyer credits, as a result of the failure of the defendants to properly delete the account from his credit file.

31. Plaintiff suffered damages to credit reputation, embarrassment and humiliation as a result of the failure of the defendants to remove or suppress the inaccurate information.

### FIRST CLAIM FOR RELIEF -

### Violation of 15 U.S.C. § 1681e(b) (Equifax, TransUnion, and Experian )

32. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

33. Defendants have violated 15 U.S.C. § 1681e(b) in that they failed to maintain a procedure to assure maximum possible accuracy after they had notice.

34. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

35. Defendants have done so either negligently or willfully.

36. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

37. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## SECOND CLAIM FOR RELIEF -

### Violation of 15 U.S.C. § 1681i(a)(1) (Equifax, TransUnion, and Experian)

38. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

39. Defendants have violated 15 U.S.C. § 1681i(a)(1) in that they failed to reinvestigate the false information reported on Plaintiff's credit report once the Defendants were notified by Plaintiff of the inaccuracy.

40. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

41. Defendants have done so either negligently or willfully.

42. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

43. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## THIRD CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1681i(a)(4) (Equifax, TransUnion and Experian)

44. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

45. Defendant have violated 15 U.S.C. § 1681i(a)(4) in that they failed to review and consider all relevant information submitted by the consumer.

46. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

47. Defendants have done so either negligently or willfully.

48. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

49. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

## FOURTH CLAIM FOR RELIEF

### Violation of 15 USC § 1681i(a)(5)

50. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

51. Defendant have violated 15 U.S.C. § 1681i(a)(5)(A)(i) in that they failed to promptly delete or modify the inaccurate information.

52. Defendant have violated 15 U.S.C. § 1681i(a)(5)(A)(ii) in that they failed to promptly notify the furnisher that the information was inaccurate.

53. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

54. Defendants have done so either negligently or willfully.

55. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. § 1681o.

56. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

## FIFTH CLAIM FOR RELIEF

### Defamation (Equifax, TransUnion, and Experian )

57. Plaintiff restates and re-alleges the above paragraphs as if fully set forth herein.

58. Defendants have caused injury by conveying to a third party information bearing on the creditworthiness of an individual which was incorrect or inaccurate, which is an act of defamation.

59. Defendants have done so willfully or in reckless disregard for the rights of the plaintiff.

60. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

61. Plaintiff is entitled to actual damages, punitive damages, and costs.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact for actual damages, punitive damages, statutory damages, attorney fees, and costs.

MAGED NESHIEWAT

/s/ Jason M. Krumbein, Esq.

by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Joelle E. Gotwals, Esq., VSB#76779
jgotwals@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
5310 Markel Road, Suite 102
Richmond, VA 23230
Telephone: 804-303-0204
Fax: 804-303-0209